UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIFFANY I. BARKSDALE,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:20-cv-03508<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TIFFANY I. BARKSDALE ("Plaintiff"), by and through her attorneys, complaining as to the conduct of DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as Plaintiff resides within this federal jurisdiction.

### PARTIES

1

4. TIFFANY I. BARKSDALE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided within this federal jurisdiction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant") is a limited liability company organized and existing under the laws of South Carolina.

7. Defendant has its principal place of business at 135 Interstate Blvd., Unit 6, Greenville, SC.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due to another.

## FACTS SUPPORTING CAUSES OF ACTION

10. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

11. The subject debt stems from Plaintiff's purported past due payments in connection with a First Premier Bank personal credit card Plaintiff was issued ("subject debt").

12. On or about August 25, 2020 Plaintiff received a "dunning" letter from Defendant attempting to collect upon the subject debt.

13. This "dunning" letter provided the language required under § 1692g of the FDCPA, including the portion: "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us."

14. Defendant listed the original account number ending in 9621 was associated with the subject debt on the August 25, 2020 dunning letter.

15. Plaintiff did not dispute the validity of the subject debt within 30 days of receiving the above referenced letter.

16. As a result, the language of the August 25, 2020 "dunning" letter, Defendant definitively stated it would assume the subject debt to be valid.

17. Thereafter, on or about September 21, 2020, Defendant sent an additional "dunning" letter substantially similar to the August 25, 2020 letter.

18. This September contained the same language: "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us."

19. Defendant listed the original account number ending in 9621 was associated with the subject debt on the September 21, 2020 dunning letter.

20. As a result of this subsequent "dunning" letter and the conflicting information evident in both letters, Plaintiff was confused as to the true status of the subject debt and her ability to dispute the same.

21. Furthermore, Defendant's conduct harmed Plaintiff and consumers as its practice of sending multiple validation letters in reference to the same debt creates unnecessary confusion in consumers and results in a misrepresentation of Plaintiff's rights and Defendant's obligations under the FDCPA.

22. Defendant's conduct violated Plaintiff's substantive right to be free from deceptive and misleading debt collection communications.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §1692e, e(2)(A), and e(10) through the conflicting information contained in the multiple dunning letters it sent to Plaintiff.

31. Upon sending the first dunning letter to Plaintiff in August of 2020, Defendant provided the requisite information regarding the timeframe within which Plaintiff must dispute the subject debt, lest the subject debt be assumed valid.

32. Because Plaintiff did not dispute the validity of the subject debt within the 30 day window, the representations in the August of 2020 letter suggested that the debt would, in fact, be assumed to be valid.

33. The similar representations made in the second dunning letter sent in September of 2020 directly cut against that assertion.

34. By again suggesting that if Plaintiff failed to dispute the validity of the subject debt within 30 days of receiving the letter, Defendant would assume the debt to be valid, it clearly did not assume the subject debt was valid as represented in the August of 2020 dunning letter.

35. As such, Defendant misrepresented whether and to what extent the subject debt was assumed to be valid.

36. Defendant further violated § 1692e and e(10) through the way in which its collection letters misrepresent the nature of Plaintiff's validation rights under § 1692g.

37. The FDCPA establishes a single, 30-day validation period tied to the date of a consumer's receipt of an initial written communication within which a consumer's action could trigger certain obligations of Defendant.

38. However, Defendant's collection letters suggest the existence of two such periods, which is a blatant misrepresentation as to the extent of Plaintiff's rights and Defendant's obligations under the FDCPA.

39. Defendant's false, misleading, and conflicting statements had the material effect of confusing Plaintiff as to her rights.

40. Moreover, by sending multiple dunning letters, Defendant purposefully intended to create a false sense of urgency in Plaintiff with the hopes of securing payment.

5

### b. Violations of FDCPA § 1692g

41. The FDCPA, pursuant to 15 U.S.C. §§ 1692g(a)(1)-(5), requires debt collectors to provide to consumers certain pieces of information in their initial written communications to such consumers. Under § 1692g(a)(1), Defendant must provide "the amount of the debt."

42. Further, pursuant to 15 U.S.C. §1692g(b), any collecting activity that occurs "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

43. Defendant violated §1692g(b) by sending two dunning letters to Plaintiff in reference to the same debt. Defendant's conduct resulted in an inconsistent and incorrect representation of the nature of Plaintiff's rights under § 1692g of the FDCPA, in violation of the FDCPA.

WHEREFORE, Plaintiff TIFFANY I. BARKSDALE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 13, 2020     Respectfully submitted,

**TIFFANY I. BARKSDALE**

/s/ *Victor T. Metroff*
Victor T. Metroff, Esq.
Mohammed Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
(630) 575-8180
vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com